UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



# CONFERENCE AND SCHEDULING ORDER
# AND RULE 26(F) REPORT FORM

C/A NO.: **4:11-cv-00525-RBH**

JUDGE R. BRYAN HARWELL

## NOTICE TO COUNSEL

Attached please find a proposed scheduling order for your review and comment. The 2000 Amendments to the Federal Rules of Civil Procedures, and subsequent amendments to the local rules for this district, now require that, early in the litigation, counsel meet, confer, and submit certain information to the court. Some of the requested information is needed to formulate a scheduling order. The judges of this district have determined that the most feasible way of accomplishing this is for the court to enter a tentative scheduling order with a request that the parties meet and determine if the dates proposed by the court are acceptable.

The deadline for meeting and conferring in this case is set out in Paragraph 1 of the attached scheduling order. A form (RULE 26(F) REPORT) is attached and must be completed and returned indicating your acceptance of, or suggested changes to, the scheduling order.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (quoting *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). "The use of discovery closure dates and deadlines for disclosure of experts are important tools for case management." *Serrano-Perey v. F.M.C. Corp.*, 985 F.2d 625, 628 (1st Cir. 1993).

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this District's website at:

## www.scd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kelli Baugh, Justin Baugh, | ) | CA **4:11-cv-00525-RBH** |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | **CONFERENCE AND** |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| Bayer Corporation, Bayer Healthcare LLC, | ) | |
| Bayer Pharmaceuticals Corporation, Bayer | ) | |
| Healthcare Pharmaceuticals Inc, Berlex | ) | |
| Laboratories, Inc, Berlex Inc, | ) | |
| | ) | |
| Defendant(s). | ) | |

      Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1.     A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **March 28, 2011**.[1] At conference the parties shall confer concerning:

    (a)    all matters set forth in Fed. R. Civ. P. 26(f);
    (b)    whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary;[2]
    (c)    whether a **confidentiality order** is necessary and appropriate;[3]
    (d)    whether documents may be filed which require protection such as **filing under**

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to Plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, available from the Clerk's office or the Court's Internet site at http://www.scd.uscourts.gov.

[3] If the parties determine that a confidentiality order is necessary and appropriate, they should utilize the form found under the Forms Section on the court's website (www.scd.uscourts.gov). Instructions for use of the form order are also located on the website. The parties may propose modifications but such changes shall be drawn to the court's attention. Queries regarding use of the form should be directed to Judge Harwell's office.

                **seal** pursuant to Local Civil Rule 5.03.[4]

2.      No later than **April 11, 2011** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[5]

3.      No later than **April 11, 2011** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4.      Motions to join other parties and amend the pleadings shall be filed no later than **June 6, 2011**.

5.      Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **July 5, 2011**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

6.      Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by **August 4, 2011**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

7.      Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **August 4, 2011**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8.      Discovery shall be completed no later than **October 3, 2011**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Harwell in an attempt to resolve the matter informally.**

---

[4] Counsel are required to confer with Judge Harwell's office prior to filing a motion to seal. Such conference shall be by telephone.

[5] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

9.  All dispositive motions, Daubert motions, and all other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial (other than Daubert motions), shall be filed on or before **October 18, 2011**.  *See* below ¶ 12 for motions in limine deadline.

10. Mediation, pursuant to Local Civil Rules 16.04 – 16.12, shall be completed in this case on or before **December 19, 2011**.  *See* Standing Order to Conduct Mediation, which sets forth mediation requirements and is found on the court's website under Judge Harwell's forms (http://www.scd.uscourts.gov).  At least **thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order to Conduct Mediation; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

11. No later than **January 2, 2012** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures.  Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

12. Motions in limine must be filed at least three weeks prior to **February 6, 2012**.

13. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[6]  Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits.  *See* Local Civil Rule 26.07.(Attorneys are reminded to view the Court's instructions online regarding verdict forms, jury instructions, deposition designations, etc. that may be applicable to their case.)

14. This case is subject to being called for jury selection and/or trial on or after **February 6, 2012**.

The parties' attention is specifically directed to Local Rule 5.03 regarding the filing of confidential material.  The parties' attention is also directed to the Court's website regarding instructions or other orders that may be applicable to your case.

---

[6]Judge Harwell requires that pretrial briefs information found in LCR 26.05 (A)-(M) be submitted only to the Judge's chambers; however, pretrial brief information contained in LCR 26.05(N)-(O) shall be served on opposing parties.

                                                             s/R. Bryan Harwell
                                                             United States District Judge

Date: **March 8, 2011**
Florence, South Carolina

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

Attachments:
        1) Notice of Availability of United States Magistrate Judge
        2) Order regarding mediation
        3) Rule 26(f) Report Form

AO 85 (Rev. 8/98) Notice, consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

## UNITED STATES DISTRICT COURT

District of South Carolina

, Plaintiff

v.

, Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Case Number: **4:11-cv-00525-RBH**

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all further proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to The Honorable _____, United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73.

Date                                                            United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

# ORDER TO CONDUCT MEDIATION

Mediation is to be completed in this matter as defined herein. If a **Conference and Scheduling Order** has been issued in this case, mediation must be conducted in accordance with the dates outlined in said document. If your case does not have a specific deadline outlined in a scheduling order, mediation order or any other form of court directive, mediation must be completed no later than **two weeks** prior to the beginning of the term of court. Upon completion of the mediation, counsel shall advise the court promptly in writing **only** that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[1] are **ORDERED** to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

Communications made in connection with or during the mediation are confidential and protected by Federal Rules of Evidence 408, Local Rule 16.08(c)) DSC, and Federal Rule of Civil Procedure 68. If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Rules 16.08(c) and 16.10(H) DSC, except as allowed by Local Rule 26.05(F) DSC.

If any reason exists why any person, party or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately.

Notices have been mailed to all counsel of record and any pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

AND IT IS SO ORDERED.

---

[1] "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

|  |  |
|---|---|
| Plaintiff(s),<br><br>v.<br><br>Defendant(s). | )     CA **4:11-cv-00525-RBH**<br>)<br>)<br>)     **RULE 26(f) REPORT**<br>)<br>)<br>)<br>)<br>) |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____  We agree that the schedule set forth in the Conference and Scheduling Order issued _____ is appropriate for this case. The information required by Local Civil Rule 26.03 is attached.

_____  We agree that the schedule set forth in the Conference and Scheduling Order issued _____ requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use same format as the Court's standard scheduling order attached hereto). The information required by Local Civil Rule 26.03 is attached.

_____  We are unable, after consultation, to agree on a schedule for this case. Therefore, we request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 is also attached.

Plaintiff(s)                                                         Defendant(s)

_____            _____
*Signature of Plaintiff's Counsel*                          *Signature of Defendant's Counsel*

_____            _____
Printed Name of Plaintiff's Counsel                        Printed Name of Defendant's Counsel
and Party Represented                                       and Party Represented

_____            _____
*Signature of Plaintiff's Counsel*                          *Signature of Defendant's Counsel*

_____            _____
Printed Name of Plaintiff's Counsel                        Printed Name of Defendant's Counsel
and Party Represented                                       and Party Represented

*Dated: _____*           *Dated: _____*