IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kelli Baugh and Justin Baugh, | ) | C/A No.   4:11-cv-525-RBH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| Bayer Corporation; Bayer Healthcare, | ) | |
| LLC; Bayer Pharmaceuticals Corporation; | ) | |
| Bayer Healthcare Pharmaceuticals, Inc.; | ) | |
| Berlex Laboratories, Inc.; and Berlex, Inc.; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs Kelli and Justin Baugh filed this action against Defendants on January 18, 2011 seeking damages related to injuries purportedly sustained by Plaintiff Kelli Baugh from the use of Defendant Bayer Healthcare Pharmaceuticals, Inc.'s ("Bayer") intrauterine contraceptive, Mirena. *See* ECF No. 1-1. This matter is before the court[1] on Plaintiffs' Motion to Compel, ECF No. 36, in which Plaintiffs seek an order requiring Defendants to respond fully to Plaintiffs' First Requests for Admissions, Requests for Production of Documents, and Interrogatories.  Defendant Bayer opposes the motion, arguing that Plaintiffs' Requests for Admission are improper and Defendants have properly responded or will respond to Plaintiffs' Request for Production and Interrogatories. ECF No. 40. Having considered the parties' briefs and the discussions during the status conference held on August 22, 2012, the court grants in part and denies in part Plaintiffs' Motion to Compel.

---

[1] In an August 9, 2012 order, United States District Judge R. Bryan Harwell referred this motion to the undersigned for an order pursuant to 28 U.S.C. § 636. ECF No. 35.

I.      Discussion

        A.      Requests for Production

In support of their Motion to Compel,[2] Plaintiffs contend that Defendants failed to produce the following documents in response to their Requests for Production: (1) post-Mirena testing materials provided to physicians including videos (Request No. 4); (2) call notes or written impressions for the Mirena sales representative(s) that visited the inserting physician (Request No. 5); (3) internal sales training materials for Mirena (Request No. 7); Mirena sales, prescription or sample data for the inserting physician (Request No. 10); and images in the possession of Defendants showing embedment of Mirena in the uterine lining or in the abdominal cavity (Requests No. 14 and 15).  ECF No. 36-1 at 4.

In response, Defendant Bayer argues that they have produced 370,000 pages of the IND/NDA files; an adverse event report summary detailing all reported perforations; current and historical package inserts; documents regarding Bayer's response to a Canadian regulatory body; and 83,500 pages of the custodial files from a Bayer regulatory employee. ECF No. 40 at 4.  Defendant Bayer further argues that following the filing of Plaintiffs' Motion to Compel, Bayer has produced the names of the sales representatives assigned to Plaintiff Kelli Baugh's prescriber, Dr. Chaudhry; call notes summarizing sales calls with Dr. Chaudhry; training material potentially provided to Dr. Chaudhry; and a Bayer organizational chart.  *Id.*   Defendant Bayer further argues that it continues to review the Mirena pharmacovigilence, medical affairs, sales, and marketing files for documents responsive to Plaintiffs' Requests for Production, and planned to begin a rolling production of relevant documents starting the week of August 27, 2012.  During the status conference, Defendant

---

[2] Plaintiffs' memorandum in support of their motion attaches Defendants' responses to the discovery requests at issue, and the court will not repeat the requests or responses verbatim herein.  *See* ECF Nos. 36-2 at 33-66.

Bayer further agreed to continue searching for documents related to Mirena training materials and alternative designs to the extent such documents exist. Based on the above, it appears that Defendant Bayer has either responded or is making reasonable efforts to respond to Plaintiffs' Requests for Production in a timely manner. Accordingly, Plaintiffs' Motion to Compel responses to their Requests for Production is denied.

### B.     Requests for Admission

Plaintiffs next contend that Defendants failed to properly respond to their Requests for Admission, arguing that their "requests are not overbroad and are intended to obtain admissions or objections to reasonable inquiries." ECF No. 36-1 at 4. Plaintiffs served sixteen Requests for Admission on Defendants, and moved to compel answers to Requests for Admission numbers 1, 2, 3, 4, 6 and 7. ECF No. 36-1 at 5. Request numbers 1, 6, and 7 address the issue of whether Mirena is capable of migration or embedment following proper physician placement; Request No. 2 addresses whether the perforation of the uterus can cause the release of endometrial cells into the abdominal cavity; Request No. 3 addresses whether endometrial cells in the abdominal cavity can cause endometriosis; and Request No. 4 addresses whether endometrial tissue outside the uterus can cause adhesion or scar tissue. *Id.* at 5. Plaintiffs contend that they are entitled to the above-referenced information as it supports the basis of Plaintiffs' claims and is expected to serve as the foundation of Defendants' defenses. *Id.* In response, Defendant Bayer asserts that the "[Requests for Admission] call for expert medical opinions and are vague, ambiguous, overly broad, and unduly burdensome." ECF No. 40 at 6.

When responding to a Request for Admission pursuant to the Federal Rules of Civil Procedure, the responding party may either object or answer. If the responding party objects, Rule 36(a) (4) of the Federal Rules of Civil Procedure requires that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Here, Defendants objected to Plaintiffs' requests arguing that Plaintiffs' requests seek expert opinions and asks Defendants to assume facts not included within Plaintiffs' incomplete hypotheticals. ECF No. 40 at 6-7.

The court finds that Defendants' responses to the Requests for Admission at issue are insufficient. Defendants may not object to a Request for Admission because the Request relates to an opinion of fact or the application of law to fact because Fed. R. Civ. P. 36(a)(1)(A) authorizes requests to admit the truth of "any matters within the scope of 26(b)(1) relating to … facts, the application of law to fact, or opinions about either." In *House v. Giant of Maryland, LLC*, defendants' response to certain of plaintiff's requests for admission was that it could not either admit or deny the requests because the requests required expert testimony. 232 F.R.D. 257, 258 (E.D. Va. 2005). The court found that defendants' responses were inadequate and concluded defendants' "answers reflect folklore within the bar which holds that requests for admission need not be answered if the subject matter of the request …. 'addresses a subject for expert testimony.'" *Id.* at 262. The court went on to explain that "the folklore is wrong." *Id.* at 262. *See also, Drutis v. Rand McNally & Co.*,

236 F.R.D. 325, 330 (E.D. Ky. 2006) (overruling plaintiffs' objection to requests for admissions and directing plaintiff to supplement their response even though plaintiff had to consult with their expert prior to supplementing the response). Further, if Defendants found that the wording of Plaintiffs' Requests for Admission were imprecise, Defendants should have "set forth a qualified answer that fairly [met] the substance of the request." *House v. Giant of Maryland, LLC,* 232 F.R.D. at 263 (finding that "[r]equests for admission are not games of 'Battleship' in which the propounding party must guess the precise language coordinates the responding party deems answerable"). *See also*, *Susko v. City of Weirton*, No. 5:09CV1, 2010 WL 2521423, *2  (N.D.W.Va. June 21, 2010) (finding that "if [a] party [is] unable to agree with exact wording of request for admission, it should agree to an alternate wording or stipulation." (internal citations omitted); *Tustin v. Motorists Mut. Ins. Co.*, No. 5:08-CV-111, 2009 WL 3335060, *5 (N.D.W.Va. October 14, 2009)(finding defendant's objection that plaintiff's requests for admission were overbroad and vague was unreasonable, noting established legal authority required defendant to qualify its answer, specifying the part admitted and qualify or deny the rest).  Plaintiffs' Motion to Compel responses to Requests for Admission Numbers 1, 2, 3, 4, 6, and 7 is granted.  The court finds that Plaintiffs' Requests concern facts, the application of law to fact, or opinions about either as set forth in Federal Rules of Civil Procedure, Rule 36(a)(1)(A); accordingly, Defendants are instructed to provide supplemental answers. Defendants' deadline to provide supplemental answers to these Requests is January 15, 2013, which is also Defendants' deadline for expert witness disclosures.[3]

---

[3] Defendant Bayer cites to *Emerson v. Laboratory Corp. of America*, No. 1:11-CV-01709-RWS, 2012 WL 1564683 (N.D. Ga. May 1, 2012) in support of its argument that Plaintiffs' Requests for Admission "are properly the subject for Bayer's medical experts, who will provide expert reports and sit for depositions pursuant to the Court's Scheduling Order."

C.  Interrogatories

Following the status conference, only one open issue remained regarding Plaintiffs' Motion to Compel answers to their interrogatories. In Interrogatory number 18 Plaintiffs sought information related to the marketing of Mirena nationally, regionally, and in the Florence, South Carolina area. Defendant Bayer has indicated that it has provided information related to the marketing of Mirena to Dr. Chaudhry, but contends that its "marketing budget" nationally and in Florence, South Carolina is not relevant to this matter. The court finds that Defendants' "marketing budget" in the Florence, South Carolina area is relevant to Plaintiffs' claims and therefore grants Plaintiffs' Motion to Compel responses to Interrogatory number 18. Plaintiffs' inquiry will be limited to information concerning Defendants' marketing efforts to physicians in Florence, South Carolina from 2001, the date Berlex began marketing the system as Mirena, to November 1, 2005, the date Dr. Chaudhry inserted Plaintiff Kelli Baugh with Mirena. *See* ECF Nos. 36-1 at 1 and 40 at 3.

II.  Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel, ECF No. 36, is granted in part and denied in part. The court orders the following:

(1) no later than **January 15, 2013**, Defendants shall supplement their response to Plaintiffs' Request for Admission Numbers 1, 2, 3, 4, 6, and 7;

(1) no later than **October 15, 2012** Defendants shall supplement their answer to Interrogatory number 18, limited to Defendants' marketing efforts to physicians in Florence, South Carolina from 2001 to November 1, 2005.

---

ECF No. 40 at 7. The court recognizes that Defendant Bayer may need to rely on its expert(s) to respond to the Requests for Admission, and have set the date for Defendants' response accordingly.

By ordering responses to these specific Requests for Admission or Interrogatories, the court is not making a determination that the information will be admissible at trial.

    IT IS SO ORDERED.

September 17, 2012                                          Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge